IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DESIGN WITH FRIENDS, INC.;
DESIGN WITH FRIENDS LTD.

*Plaintiffs*,

v.

No. 1:21-cv-01376-SB

TARGET CORP.

*Defendant*.

Douglas D. Herrmann, TROUTMAN PEPPER HAMILTON SANDERS LLP, Wilmington, DE; Ben L. Wagner, TROUTMAN PEPPER HAMILTON SANDERS LLP, San Diego, CA; Lindsay Mitchell Henner, TROUTMAN PEPPER HAMILTON SANDERS LLP, Atlanta, GA; Sean P. McConnell, TROUTMAN PEPPER HAMILTON SANDERS LLP, Philadelphia, PA; Howard Wisnia, WISNIA PC, San Diego, CA.

*Counsel for Plaintiffs*

Martina Tyreus Hufnal, FISH & RICHARDSON P.C., Wilmington, DE; Kristen McCallion, Vivian Cheng, FISH & RICHARDSON P.C., New York, NY; Adam Kessel, Kayleigh E. McGlynn, FISH & RICHARDSON P.C., Boston, MA.

*Counsel for Defendant*

**MEMORANDUM OPINION**

May 12, 2023

BIBAS, *Circuit Judge*, sitting by designation.

Design with Friends alleges that Target cribbed its nursery-planning website. So it has sued for copyright infringement and breach of contract. Target has moved to dismiss for failure to state a claim. Because Design with Friends' allegations plausibly state a claim to relief, I deny Target's motion.

## I. BACKGROUND

I take the complaint's well-pleaded allegations as true. Design with Friends has an online nursery-planning tool. D.I. 30, Second Am. Compl. ¶¶ 21–58. Users can design a nursery room by adding and arranging furniture and decorations; users can then follow links to buy those items. *Id.* Target has a similar tool—too similar, says Design with Friends. It accuses Target of unlawfully copying its website. *Id.* ¶¶ 59–142.

In my first motion-to-dismiss opinion, I let Design with Friends' code-copying claim go forward. D.I. 24. But I dismissed its trade-dress, graphics-copying, and breach-of-contract claims, all with leave to amend. Design with Friends has repleaded its graphics-copying and contract claims, both of which Target now moves to dismiss. But I find that both repleaded claims "contain sufficient factual matter, accepted as true, to state a [plausible] claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). So I deny Target's motion.

## II. THE GRAPHICS-COPYING CLAIM SURVIVES

"To survive a motion to dismiss, a [copyright] claim must allege: (1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office … and (4) by what acts the defendant infringed the copyright." *Thomson Reuters Enter. Ctr. GmbH v. ROSS Intel. Inc.*, 529 F. Supp. 3d 303, 311 (D. Del. 2021) (Stark, C.J.) (cleaned up).

**A. Design with Friends has plausibly pleaded the first three elements**

The first three elements are related. Under 17 U.S.C. § 410(c), registration within five years of the work's first publication is prima facie evidence of the copyright's

2

validity, including "originality, authorship, compliance with statutory formalities, and ownership." *Id.*

The complaint alleges that Design with Friends first published its website in 2019. Second Am. Compl. ¶ 50. And Design with Friends registered the website in 2021. *See* D.I. 30, Ex. A, at 3. That registration, attached to the complaint, covers the site's "text, photographs, artwork, HTML code, and the compilation of artwork and photographs in the Create Your Nursery feature." *Id.* "These allegations satisfy the requirement to allege which specific original works are the subject of the copyright claim and are, therefore, sufficient to meet the first prong … at the pleading stage." *Thomson Reuters*, 529 F. Supp. 3d at 312 (cleaned up). The registration also satisfies the second and third prongs, plausibly showing ownership and registration. *See id.* at 312–13.

Target argues that many of the elements of Design with Friends' website are uncopyrightable as ideas or functions, or for some other reason. "These are important and interesting questions that will, almost certainly, be confronted at some stage of this case. They do not, however, provide a basis for granting Defendant's motion, as they do not support a conclusion that Plaintiffs have failed to state a claim for copyright infringement." *Id.* It might be true that many of the site's individual elements are uncopyrightable. But Design with Friends leans most strongly on its "selection, coordination, and/or arrangement of particular content on [its] webpage," which "may be copyrightable if it is sufficiently creative." U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1007.4 (3d ed. 2021); *see* Second Am. Compl. ¶ 165.

Besides, though Design with Friends must plead ownership of a specific original work, it "need not specify which individual elements within the work are protected." 6 William F. Patry, *Patry on Copyright* § 19:5 (2023). "Although a more particularized identification of the specific material that Plaintiff[] contend[s] is copyrighted will be necessary as this case proceeds, the complaint satisfies Rule 8's requirement of a short and plain statement giving Defendant notice of Plaintiffs' claims." *Thomson Reuters*, 529 F. Supp. 3d at 312.

### B. And it has plausibly pleaded unlawful copying

Once Design with Friends has plausibly alleged that it owns a registered copyright, the question becomes whether it has also plausibly alleged infringement. To infringe, Target must have (1) actually copied and (2) unlawfully appropriated Design with Friends' work. *Tanksley v. Daniels*, 902 F.3d 165, 173–74 (3d Cir. 2018).

1. *Actual copying.* Actual copying goes to whether Target created its work independently. If so, there is no infringement, no matter how much Target's work looks like a copy. *Id.* at 173. Actual copying can be shown either by direct evidence of copying or by circumstantial evidence in the form of Target's access to the work plus similarities "probative" of copying. *Id.* Here, Design with Friends has plausibly alleged actual copying. Target had access to the site and (as discussed below) there are at least probative similarities. Second Am. Compl. ¶¶ 174–177.

2. *Unlawful appropriation.* Yet some copying is permissible. Design with Friends must also show that Target's work is "substantially similar" to its own. *Tanksley*, 902 F.3d at 171. A work is substantially similar to another when "the ordinary observer, unless he set out to detect the disparities [in the two works], would be disposed to

4

overlook them, and regard their aesthetic appeal as the same." *Id.* at 174 (alteration in original) (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960) (Hand, J.)).

To determine substantial similarity, the factfinder compares the works side-by-side, excluding unprotectable elements. *Id.* at 174. "At the same time, however, substantial similarity can be grounded in a work's 'total concept and feel.'" *Id.* at 175 (citation omitted). There is an "obvious tension" between excluding unprotectable elements and appreciating the overall feel of the "original way in which the author has selected, coordinated, and arranged th[ose] elements." *Id.* (cleaned up). But the "basic inquiry remains whether an ordinary observer would perceive that the defendant has copied protected elements of the plaintiff's work." *Id.*

On a motion to dismiss, I may compare the works myself. *Id.* at 172. And I "will dismiss an infringement action if … no trier of fact could rationally determine the two [works] to be substantially similar." *Id.* (second alteration in original; internal quotation marks omitted). But substantial similarity "is usually an extremely close question of fact, which is why even summary judgment has traditionally been disfavored in copyright litigation." *Id.* at 171 (internal quotation marks omitted).

3. *Comparing the works here.* With these principles in mind, I conclude that a reasonable jury could find the "total concept and feel" of these works substantially similar. Both webpages select similar information and arrange it in an aesthetically similar way. Second Am. Compl. ¶ 64. The default rooms use the same three walls at the same angle, with the door and window in the same locations, and the whole room

is set against a blank void. *Id.* The sites' other elements, like their menus, are also part of this similar selection, coordination, and arrangement, even if not individually copyrightable. Drawing all reasonable inferences in Design with Friends' favor, and keeping in mind the fact-intensity of the substantial-similarity inquiry, the complaint plausibly alleges at least some acts of infringement.

Because there is at least one viable version of the graphics-copying claim, I will not dismiss it. But as this litigation progresses, Design with Friends will need to hone its position, focusing on its protected elements and unique selection, coordination, and arrangement.

### III. THE BREACH-OF-CONTRACT CLAIM SURVIVES

Next, Design with Friends alleges that Target breached a contract between them by violating Design with Friends' terms of use. Those terms forbid, among other things, "copying, recording, stress testing, and[] reverse engineering" Design with Friends' site. *Id.* ¶ 136. Target counters that it never agreed to the terms of use, so there is no contract. And even if there was a contract, Target says, it is preempted by the Copyright Act. Neither argument justifies dismissal.

#### A. Contract formation

Design with Friends' terms of use are so-called browsewrap: there is a link to "Terms" at the bottom of its website, but users are not required to check a box or click "agree" before using the site.

1. *Actual and inquiry notice.* Some browsewrap "agreements" are not agreements at all. Contracts supposedly formed by using the website on which a browsewrap link appears are "generally unenforceable." *Doe v. Massage Envy Franchising, LLC*, 2020

6

WL 7624620, at *2 (Del. Super. Ct. Dec. 21, 2020). But browsewrap terms are enforceable when they are (1) viewed by the user (thus putting him on actual notice) or (2) sufficiently conspicuous (inquiry notice). *See* 1 Timothy Murray, *Corbin on Contracts* § 2.12[2]a (collecting cases).

Here, Design with Friends has plausibly pleaded both formation theories. First, at least one user accessed the terms of use from Target's domestic IP address. Second Am. Compl. ¶ 132(c). The complaint also alleges that Target's software engineers in India accessed the terms. *See id.* ¶¶ 114, 118–119, 132(a), (b). So it is plausible that at least one Target employee was on actual notice of the terms of use.

Second, Design with Friends also says that its site put Target's employees on inquiry notice. At the bottom of its site, the word "Terms" appears in reasonably sized white text against a black bar. D.I. 30, Ex. A, at 5. Though I am skeptical that this setup is sufficiently conspicuous, conspicuousness is a fact-specific issue that is rarely resolved at this stage. 1 *Corbin on Contracts* § 2.12[2]a.2.

Plus, Design with Friends points to several conspicuousness factors beyond the website's design: the general sophistication of modern internet users, the specific sophistication of Target's software engineers, and Target's terms of use on its own site. These factors are unlikely to overcome "difficult-to-find hyperlinks." *Id.* But some courts have considered these factors when the website design is not definitive either way. *See Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 79–80 (2d Cir. 2017) (user sophistication); *DHI Grp., Inc. v. Kent*, 2017 WL 4837730, at *3 (S.D. Tex. Oct. 26, 2017) (similar terms of use on defendant's site).

Design with Friends also points to the cease-and-desist letter that it sent to Target. This letter would be strong evidence of inquiry or even actual notice—if it said anything about Design with Friends' terms of use. But it merely takes Target to task for violating Target's own code of ethics. D.I. 33, Ex. A. So this theory of notice fails.

In sum, Design with Friends has plausibly alleged that at least some Target employees were on actual notice. And though Design with Friends' inquiry-notice theory is shakier, it is both "fact-intensive" and simply another theory to prove the same claim, so I will not dismiss it. *Meyer*, 868 F.3d at 76.

2. *Binding Target*. But Target says putting its employees on notice is not enough to bind it. Though that argument has some intuitive appeal, the law is against it. "Under settled principles of agency law," an employee acting within the scope of his employment can enter contracts that bind his employer. *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 335 (W.D. Pa. 2020); *Patel v. Sunvest Realty Corp.*, 2018 WL 4961392, at *8 & n.48 (Del. Super. Ct. Oct. 15, 2018) (collecting Delaware authority applying the same agency-law principles); *see also* Mark A. Lemley, *Terms of Use*, 91 Minn. L. Rev. 459, 478–79 (2006). Design with Friends has alleged that Target employees accessed its site from the company's IP addresses, signed up with company emails, and used the tool in unusual ways. *See, e.g.*, Second Am. Compl. ¶¶ 114–116. So it is plausible that they were acting within the scope of their employment.

### B. Preemption

If there was a contract, Target does not contest that Design with Friends has plausibly alleged a breach. But Target says any lawsuit for those breaches is preempted by the Copyright Act. It is partly right. The Copyright Act preempts breach-of-

8

contract claims that are based "solely on a promise to refrain from engaging in one of the rights granted in Section 106" of the Copyright Act. *Patry on Copyright* §§ 18:25, 18:26.50; *Mortg. Mkt. Guide, LLC v. Freedman Rep., LLC*, 2008 WL 2991570, at *40 (D.N.J. July 28, 2008).

Section 106 protects, among other things, the copyright holder's rights to reproduce, distribute, display, and prepare derivatives of the work. 17 U.S.C. § 106. Some parts of Design with Friends' terms of use track § 106 almost verbatim, and those provisions are preempted. *See* Second Am. Compl. ¶ 189(c), (i). But other terms of use fall outside § 106, such as those against stress testing, decompiling, and modifying the site, or accessing the site with certain prohibited tools. *See id.* ¶¶ 189(f), (g), 190(b), (d). So this claim survives. But once again, Design with Friends should be more specific in future filings about which provisions Target breached.

## IV. THE EXPERT-REPORT ISSUE IS IRRELEVANT

Finally, Target spends much of its briefs fighting Design with Friends' attempts to cite expert reports in the complaint. But Design with Friends did not need those experts to survive the motion to dismiss, so Target's arguments miss the mark. On the copyright claim, I did not need an expert to tell me how to compare two websites. And though Design with Friends' tracing users to Target's IP addresses might have involved expert cyber sleuths, the factual allegation that they did so is sufficiently specific and well-pleaded on its own.

9

\* \* \* \* \*

Because there are plausible versions of the graphics-copying and breach-of-contract claims, I will not dismiss them. But Design with Friends should focus its contentions and briefing as this case continues.