# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESIGN WITH FRIENDS, INC. and DESIGN WITH FRIENDS, LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> TARGET CORPORATION, <br><br> *Defendant*. | C.A. No. 21-1376-SB |

## NONPARTY VALIDITY FINANCE, LLC'S MOTION FOR LEAVE TO FILE UNDER SEAL

Nonparty Validity Finance, LLC respectfully moves the Court, pursuant to Paragraph 6(a) of the Protective Order (D.I. 53) and D. Del. LR 5.1.3, for entry of an Order permitting the filing under seal of its Sutton Declaration and redaction from public filings of certain limited information in that Declaration. The Sutton Declaration is being docketed separately under seal, with Validity's requested redactions highlighted in green. A public, redacted version is also being filed with this motion.

In support of the motion to seal, Validity states as follows:

1. Validity's Chief Executive Officer, Ralph Sutton, has submitted a declaration in support of Validity's Rule 45 Motion to Quash document and deposition subpoenas, directed to Validity and served by Defendant Target Corporation in the above-captioned action.

2. The portions highlighted in green disclose financial arrangements between Validity and Design with Friends' counsel, Troutman Pepper Hamilton Sanders LLP and Wisnia, P.C., in connection with Design with Friends' prosecution of this lawsuit. Declaration of Julia Gewolb

(Sept. 20, 2023) ¶ 3.  Validity seeks to maintain only the confidential information under seal in any public version of the Sutton Declaration.

3. The public's access to judicial records is "not absolute." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978); *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).  A movant may overcome the presumption of access to judicial records by showing "that the material [proposed to be redacted] is the kind of information that courts will protect," that "disclosure will work a clearly defined and serious injury to the party seeking closure," and that "the interest in secrecy outweighs the presumption [of public access]." *Id.* (quotations and citations omitted).  The Court may exercise inherent supervisory power to deny access to judicial proceedings and records, for example, "where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

4. Though the presumptive right of public access is rebutted here, the Third Circuit has recognized that the right attaches to "pretrial motions of a *nondiscovery* nature," *Avandia*, 924 F.3d at 672 (emphasis added), whereas it does not attach to "discovery motions and their supporting documents." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 998 F.2d 157, 165 (3d. Cir. 1993); *see also Dobson v. Milton Hershey School*, C.A. No. 16-CV-1958, 2020 WL 290429, at *6-8 (M.D. Pa. Jan. 21, 2020) (applying same carve-out post-*Avandia*); *Joint Stock Soc. v. UDV N.A., Inc.*, 104 F. Supp. 2d 390, 401 n.8 (D. Del. 2000) (applying same carve-out).  A movant seeking to seal discovery motions or supporting materials instead need only satisfy the lower "good cause" standard of Rule 26, *Leucadia*, 998 F.2d at 166, while still showing that disclosure will work a clearly defined and serious injury. *Avandia*, 924 F.3d at 671.  The Third Circuit has articulated a number of nonexhaustive factors in assessing such "good cause". *See Pansy v. Borough*

*of Stroudsburg,* 23 F.3d 772, 787-91 (3d Cir. 1994) (listing factors).

5. The confidential information may be properly sealed under Third Circuit law. It is subject to contractual obligations of confidentiality between Validity and Troutman Sanders and Wisnia. Gewolb Decl. ¶ 4. More generally, the Confidential Information is the type of information that, customarily, is not disclosed publicly in Validity's litigation finance industry. *Id.* ¶ 5. Finally, the confidential information is nonpublic information, and Validity understands that Troutman Pepper and Wisnia, who have asked that it be sealed, *id.* ¶ 4, consider it to be commercially sensitive. Accordingly, the confidential information is the kind that courts have historically protected. *See, e.g.*, *Littlejohn*, 851 F.2d at 678 ("[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing") (citations omitted).

6. If the confidential information were publicly disseminated without authorization, Validity could be in breach of its contractual obligations to Troutman Pepper, Wisnia, or both. Gewolb Decl. ¶ 6. And to the best of Validity and its counsel's knowledge, the unauthorized use of that information may disadvantage at least Troutman Pepper or Wisnia because of its competitively sensitive nature.

7. The Confidential Information also does not relate to information that is important to public safety, and this case involves private litigants, both of which weigh in favor of redaction. *See Pansy,* 23 F.3d at 786–88. Redaction of the confidential information from public flings will not interfere with any potential public interest in Validity's positions, as the confidential information is limited so as not to interfere with the public's ability to understand the full substance of the Sutton Declaration or Validity's Motion to Quash.

8. For these reasons, there is good cause to seal the confidential information and all

of the above interests in its secrecy outweigh the public's right to access.

Accordingly, for the reasons set forth herein, Validity respectfully requests that the Court enter an order, substantially similar to the attached proposed order, permitting: (1) the filing of the Sutton Declaration under seal; and (2) its confidential information to be redacted in any public versions of the Sutton Declaration, or other filings in this case that cite to or refer to the confidential information.

Dated: September 20, 2023

Of Counsel:

Derek T. Ho
Matthew D. Reade
Andrew Skaras
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
mreade@kellogghansen.com
askaras@kellogghansen.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

 /s/ *Samantha G. Wilson*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for Nonparty Validity Finance, LLC*