### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DESIGN WITH FRIENDS INC. and DESIGN WITH FRIENDS LTD., | : : : |
| Plaintiffs, | : : |
| v. | : C. A. No. 1:21-cv-01376-SB |
| TARGET CORPORATION, | : : : |
| Defendant. | : : |

### EXHIBIT 2 TO THE PARTIES' DRAFT PRETRIAL ORDER

### PLAINTIFFS' STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED
### (L.R. 16.3(c)(4))

Pursuant to L.R. 16.4(c)(4), Plaintiffs provide the following statement of issues of fact remaining to be litigated.[1]

A.  Liability.  Regarding issues of fact relating to Target's liability for DWF's claims, including for both copyright infringement and breach of DWF's Terms of Use, DWF incorporates by reference the unresolved factual issues raised in DWF's briefing on the parties' Motions for Summary Judgment, (D.I. Nos. 263, 317, 364), and DWF also incorporates the facts relating to Target's liability for breaches of Terms of Use as set forth at the Second Amended Complaint, (D.I. 30 ¶¶ 127-142, 186-192) and **Exhibit 10** filed concurrently herewith.

B.  Notice. Pursuant to the Court's findings in its Motion for Summary Judgment ruling, (D.I. 408), DWF's breach of contract claim is established so long as DWF factually proves:

---

[1] Plaintiffs' list is not intended to encompass all contested issues and Plaintiffs reserve the right to raise additional issues of fact at trial.

(1) a Target had actual notice of DWF's Terms of Use; or (2) Target had inquiry notice of DWF's Terms of Use.

    C.    <u>Damages/Disgorgement</u>.  DWF identifies the following issues of fact relating to DWF's claims for damages and infringer's profits against Target:

        a.    Identification of Target's revenue streams and profits attributable to Target's copyright infringement under 35 U.S.C. §504(b) and breach of Terms of Use, and any direct expenses and apportionment for other factors;

        b.    Whether or not Target willful, reckless and/or malicious conduct should limit or preclude its ability to see deduction of expenses and/or apportionment under §504(b).

c.  The fact of amount of Plaintiffs' damages and Target's profits from Target's infringing conduct and breach of DWF's Terms of Use, including the categories of damages listed below and explained more fully in Sidney Blum's expert reports:



(D.I. 256-1 at 29).

d.  Plaintiffs' entitlement to interest on the above categories of damages and profit disgorgement, and prejudgment interest thereon;

    e. Plaintiffs' entitlement to punitive damages for Target's willful and/or malicious breach of the terms of Plaintiffs' Terms of Use.  *See e.g. E.I. DuPont de Nemours & Co. v. Pressman,* 679 A.2d 436, 445 (Del. 1996); *Jardel Co. v. Hughes*, 523 A.2d 518, 529 (Del. 1987); *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 368 (Del. Super. Ct. 1982) ("given a proper set of circumstances, our courts would authorize recovery of punitive damages in egregious cases of willful or malicious breach of contract.").

  D. <u>Injunctive Relief.</u>  The following issues of fact remain as to the extent to which DWF is entitled to injunctive relief:  (1) to what extent DWF has suffered an irreparable injury from Target's infringement and breaches of DWF's Terms of Use; (2) whether legal remedies are adequate to compensate DWF for its injuries, including those caused by Target's ongoing exploitation of DWF's copyright rights; (3) whether the balance of hardships support an equitable remedy; and (4) that the public interest would not be disserved by a permanent injunction.

  E. <u>Target's Affirmative Defenses</u>.  Target has failed to set forth any facts establishing any or all of its affirmative defenses that it intends to proceed with at trial.